Chicago for one hundred dollars, to reverse which defendant sued out a writ of error.

CHARLES A. WARD, for plaintiff in error.

PERCIVAL STEELE, for defendant in error; H. L. CAVENDER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

AUTOMOBILES, § 4*—*when purchaser liable for breach of contract.* In an action for breach of contract for the purchase of an automobile, plaintiff claimed that the sale was by sample and that a car similar to the sample had been furnished, while defendant contended that he bought a particular car picked out from plaintiff's stock and did not get it. Defendant used the machine a few days and then returned it and plaintiff resold it at an alleged loss of two hundred dollars. *Held* that a verdict for plaintiff for one hundred dollars was sustained by the evidence.

---

**Northwestern Railways Advertising Company, Plaintiff in Error, v. Evers & Williams Shoe Company, Defendants in Error.**

**Gen. No. 18,668.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Northwestern Railways Advertising Company, a corporation, against Evers & Williams Shoe Company, a corporation, John J. Evers and Charles

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Williams, individually and as copartners under the name and style of Evers & Williams, in the Municipal Court to recover damages for a breach of a contract. To reverse a judgment of *nil capiat* and for costs against plaintiff and in favor of the defendants, the plaintiff prosecutes a writ of error.

DAVIS & RANKIN, for plaintiff in error; ARTHUR M. KRACKE, of counsel.

FRANK L. CHILDS, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 192*—*when judgment must be against all joint defendants or none.* In *assumpsit* against three defendants jointly where one of the defendants was defaulted for want of appearance and neither of the other two defendants were defaulted nor the suit dismissed as to either, although one appeared and filed an affidavit of defense, *held* that the plaintiff was not entitled to a recovery against the defendant appearing where the evidence did not establish that all the defendants were liable.

---

## Fred Grandt, Defendant in Error, v. Kirkeby-Grunderstrup Seed Company, Plaintiff in Error.

### Gen. No. 18,695.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Fred Grandt against Kirkeby-Grunderstrup Seed Company to recover damages for breach of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.